130 So.2d 191

Henry Lawrence CHISOLM et ux.

v.

Heaton CROOK, as Head of State Department of Pensions and Security of Calhoun County.

7 Div. 515.

Supreme Court of Alabama.

May 18, 1961.

Burnham & Klinefelter, Anniston, for appellants.

MacDonald Gallion, Atty. Gen., and Julius Cage, Jr., Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This appeal must be dismissed on the ground that the question has become moot. The appeal is from a decree of the Circuit Court of Calhoun County, *in Equity*, denying a *petition for writ of habeas corpus*

filed by appellants, Mr. and Mrs. Chisolm, against the Department of Pensions and Security to obtain custody of a three months old child, Kenneth Allen Freeman. We do not approve of this procedure. However, the point that habeas corpus was sought in a court of equity was not raised in the lower court, nor do the parties call it to our attention on this appeal. Therefore, we will not avoid this proceeding on appeal; Lumpkin v. Meeks, 263 Ala. 395, 82 So.2d 535, where the identical situation was presented.

On June 6, 1960, Mr. and Mrs. Walter Agan, :ternal grandparents of six Freeman ch..dren, filed a verified petition in the Juvenile and Domestic Relations Court of Calhoun County, alleging that the six children were in need of the care and protection of the State; that the mother of the children was dead; that the father drank excessively and could not provide a proper home and that he had placed the children with other people in two States, some of whom were unrelated to the children.

The court held a hearing on June 10th and the six children were found to be neglected and dependent and were declared wards of the State and their custody vested in the Calhoun County Department of Pensions and Security pending further orders of the court. The father of the child, Porter Freeman, was not present at this hearing.

On June 11th, summons was issued to the father to appear with the child (Kenneth Freeman) on June 15th. On that date, with the father present, a hearing was held and an order was issued to the sheriff to receive the custody of Kenneth Freeman and turn him over to the welfare authorities. Kenneth had been placed by the father with the Chisolms and they had filed a petition in the Probate Court of Calhoun County to adopt him.

On June 16th, appellants sought a writ of habeas corpus from the Circuit Court of Calhoun County. On June 29th, Judge DeBardelaben dismissed the petition. He found that the Juvenile Court had determined that Kenneth Freeman was dependent and neglected; that it was to the best inter-

est of the child that his custody be vested in the Calhoun County Department of Pensions and Security, and that the child had been declared a ward of the State. The Circuit Court held that the only matter before it was the jurisdiction of the Juvenile and Domestic Relations Court; that no illegality appeared on the face of the proceedings of the Juvenile and Domestic Relations Court; that the jurisdiction of that court could not be impeached by parol testimony and that the child became a ward of the Juvenile and Domestic Relations Court when the petition of the Agans was filed in that court, citing Campbell v. Sowell, 230 Ala. 109, 159 So. 813. The appeal from the dismissal decree was taken on July 27, 1960.

This appeal is brought as a civil appeal and not as an appeal in habeas corpus. We have held this to be proper in Edwards v. Sessions, 254 Ala. 522, 48 So.2d 771, and Thomas v. State, 215 Ala. 1, 109 So. 607.

Appellants' main contention was that the hearing before the Juvenile Court was improper because they did not have notice of the hearing even though they had custody of the child.

The Attorney General filed a motion to dismiss the appeal on the ground that the question had become moot. The motion and the exhibit thereto shows that on July 11, 1960, thirteen days after Judge DeBardelaben dismissed the petition for habeas corpus, appellants filed their petition in the Juvenile and Domestic Relations Court in Calhoun County seeking the custody of Kenneth Freeman as they had a right to do under the statute, Tit. 13, § 352(9), Code 1940.

On December 17, 1960, a hearing was held at which many relatives and interested parties, including appellants, were present. The Judge of the Juvenile Court awarded the custody of Kenneth Freeman to others than appellants. The pertinent part of the decree reads:

"It is further ordered that Kenneth Freeman remain in the temporary

**194**

custody of the Calhoun County Department of Pensions and Security pending decision by the Supreme Court of Alabama of the appeal presently pending before it involving Kenneth Freeman. It is further ordered that the care, custody and control of Kenneth Freeman shall vest in Mr. and Mrs. Grady Freeman upon the expiration of thirty days following the final decision of the Supreme Court upon such appeal and subject to further orders of this court upon good cause shown."

Conceding, only for the sake of argument, that appellants were not properly notified of the original hearing, this deficiency was cured at the full hearing conducted in December, and the decree shows they were present and represented at that hearing by attorney. They have had a full hearing on the issues and had a right to appeal from the decree to the circuit court had they so desired.

We have held that if a case has become moot, or the judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and dismiss the case. Ex parte McFry, 219 Ala. 492, 122 So. 641.

It is not the practice of courts to decide cases after the time when a judgment may be made effective; nor is it customary to decide questions after their decision has become useless, merely to ascertain who is liable for the costs. State ex rel. City of Prichard v. Jansen, 271 Ala. 104, 122 So.2d 736.

A decision on the decree dismissing the petition for habeas corpus would accomplish little or nothing at the present stage of the proceedings.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.