152 So.2d 661

**TOWN OF WARRIOR et al.**

**v.**

**J. F. BLAYLOCK.**

**6 Div. 743.**

Supreme Court of Alabama.

April 4, 1963.

Rehearing Denied May 9, 1963.

Rogers, Howard, Redden & Mills, Birmingham, for appellants.

Cato & Hicks, Birmingham, for appellee.

PER CURIAM.

Appellee filed suit in the Circuit Court of Jefferson County, Alabama, equity division, against appellants seeking a declaratory

**114**

determination of the validity of an ordinance passed by the Town of Warrior, located in Jefferson County.

The ordinance, as it appears in the complaint of record in this appeal, levies on each wholesale or retail beer dealer doing business within the corporate limits of the town a privilege license tax in the sum of $5,000.-00.

The complaint is that the levy is unreasonable, excessive, prohibitory, discriminating, and violative of complainant's constitutional rights under certain designated provisions of the Federal and State Constitutions.

The respondents, separately and severally, addressed demurrers to the complaint, which the trial court overruled. From this decree, the respondents appeal to this court.

One ground of demurrer, together with others of like import, is that there is no justiciable issue or controversy between the complainant and any of the respondents.

The amended complaint (Paragraph 7A) alleges "that he (complainant) is prepared to enter the business of selling beer, malt beverages and ale in the police jurisdiction, but not within the corporate limits, of the Town of Warrior, Alabama." (Par. Supplied)

The complaint in the record before us fails to aver that the respondent, Town of Warrior, imposes or levies any privilege license tax, either as a fire or a police protection measure, for selling beer, either at retail or wholesale, within the police jurisdiction of the Town of Warrior.

■ Therefore, there is no justiciable issue or controversy shown in the complaint between complainant and respondents. For aught appearing in the complaint, complainant is privileged to proceed to sell beer within the police jurisdiction without impediment or the payment of any license tax or fee to respondents.

We have held in Shadix v. City of Birmingham, 251 Ala. 610, 38 So.2d 851(5), that the declaratory statutes do not empower courts to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.

■ There must be a justiciable controversy between the parties where legal rights are thwarted or affected to warrant proceedings under the Declaratory Judgment statutes. Title 7, §§ 157, 159, 166, Code of Alabama 1940. Alabama Independent Service Station Ass'n v. McDowell, 242 Ala. 424, 6 So.2d 502(3).

It is to be noted that this appeal was taken before the enactment by the legislature of Act No. 72, General Acts, Extra Session 1961, page 1947, approved September 15, 1961, which provides that no appeal shall be taken from any decree rendered in equity sustaining or overruling a demurrer to a bill in equity, or to a cross bill, where there has been no final determination of the cause. This act will serve as a guide for any future appeal in this case.

For error of the trial court in overruling the demurrers of the several respondents to the complaint, we are of opinion that the decree should be reversed and the cause remanded for further proceedings. It is so ordered.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, MERRILL, and COLEMAN, JJ., concur.