MURDOCK, Judge.
The State Health Planning and Development Agency (“SHPDA”) and Auburn Medical Center, Inc. (“AMC”), appeal separately from a decision of the Montgomery Circuit Court reversing the SHPDA Certificate of Need Review Board’s denial of a Certificate of Need (“CON”) to East Alabama Health Care Authority d/b/a East Alabama Medical Center (“EAMC”). We dismiss the appeals.
On January 18, 2000, EAMC filed an application with SHPDA for a CON to purchase a fixed-based magnetic resonance imaging (“MRI”) machine from a group of physicians in Auburn. EAMC currently operates a hospital in Opelika. EAMC’s application for the CON was originally scheduled for review by the CON Review Board on April 19, 2000, but the matter was postponed because a quorum of the members of the CON Review Board was not present. The hearing was then rescheduled for May 17, 2000, but it was again delayed, this time because AMC filed a motion to stay the hearing *244 pending the outcome of another case.[1] Both the circuit court and this court denied the motion to stay. On June 21, 2000, the CON Review Board held a hearing on EAMC’s application for the CON. Although it had not filed a motion to intervene before the hearing, AMC was permitted to present evidence at the hearing regarding the allegations in the other pending case. Ultimately, the CON Review Board failed to reach a decision regarding EAMC’s application, and therefore the application was denied by operation of law.[2]
EAMC appealed to the Montgomery Circuit Court, and, on January 4, 2002, that court entered an order reversing the CON Review Board’s denial of the application and directing SHPDA to grant EAMC’s CON application. On February 4, 2002, AMC, which was a party to the appeal, filed a motion to alter, amend, or vacate the judgment, which the trial court denied on March 26, 2002.
Both SHPDA and AMC filed notices of appeal on May 7, 2002. On June 30, 2003, EAMC filed a motion to dismiss the appeals as moot. AMC filed a response to the motion to dismiss on July 24, 2003, along with a motion for an extension of time to file the response. On August 1, 2003, EAMC filed a reply in which, among other things, it opposed AMC’s motion for an extension of time to file its response.[3]
In its motion to dismiss the appeals, EAMC points out that on June 19, 2003, the Governor signed into law an enactment of the Alabama Legislature amending several portions of Article 9, Chapter 21, Title 22, Ala.Code 1975, the article of the Code that concerns the regulation of hospitals and health-care facilities. Relevant to this appeal is the amendment of § 22-21-263, Ala.Code 1975, which previously required all health-care facilities to obtain a CON before purchasing any “new institutional health services,” which included MRI machines. However, as amended, § 22-21-263 now states, in pertinent part:
“(d) For the purposes of this article, and notwithstanding all other provisions of this article to the contrary and notwithstanding any and all provisions of the State Health Plan on the effective date of the act adding this subsection relating to lithotripsy, magnetic resonance imaging, and positron emission tomography, new institutional health services, which are subject to this arti *245 cle, shall not include any health services provided by a mobile or fixed-based ex-tracorporeal shock wave lithotripter, mobile or fixed-based magnetic resonance imaging, or positron emission tomography proposed to be offered in or through a health care facility or health maintenance organization. The SHPDA, after consultation with and the advice of the Statewide Health Coordination Council, in accordance with the Alabama Administrative Procedure Act and within 60 days of the effective date of the act adding this subsection, shall cause the State Health Plan to be amended to repeal and delete all sections of the Alabama State Health Plan relating to mobile and fixed-based litho-tripters, mobile and fixed-based magnetic resonance imaging, and positron emission tomography, and cause the amendment and repeal of any other SHPDA rules and regulations inconsistent with this article.”
Ala. Acts 2003, Act No. 2003-331 (emphasis added). The effect of this amendment was to eliminate the requirement that health-care facilities obtain a CON before purchasing an MRI machine. Consequently, under the amended § 22-21-263, EAMC is now permitted to purchase the MRI machine at issue without obtaining approval from the CON Review Board.
EAMC contends that the amended § 22-21-263 renders this appeal moot because a decision for either party will not affect whether EAMC may purchase the MRI machine. We agree.
“It is well settled that the judiciary of Alabama is not empowered ‘ “to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ ” Ex parte Connors, 855 So.2d 486, 488 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)).
“In deciding whether a case is moot, a court must consider ‘whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.’ 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3533, at 212 (1984). ‘[I]f a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court will] dismiss the case.’ Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191 (1961).”
Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997) (emphasis added).
Because of the amendment to § 22-21-263, it is immaterial whether this court rules that SHPDA properly denied a CON to EAMC for the MRI machine or that the trial court properly reversed SHPDA’s decision. A decision either way will not “have an impact on the parties.” Hornsby, 703 So.2d at 938. Thus, it is incumbent upon this court to grant EAMC’s motion to dismiss the appeals as moot. The conclusion of our Supreme Court in County of Montgomery v. Montgomery Traction Co., 140 Ala. 458, 460, 37 So. 208, 208 (1903), also holds true in this case:
“[T]here is nothing to be accomplished by a decree here on the merits of the issue that was at one time in the case. The case, in short, has become a moot case; there is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render; and we, therefore, decline to consider the case as now presented on its original merits.”
*246 EAMC’s motion to dismiss is well-taken and is due to be granted because legislation enacted subsequent to the institution of these appeals has rendered the issues in this case moot.
2010786 — APPEAL DISMISSED.
2010787 — APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. The other case was eventually decided by our Supreme Court, see Ex parte East Alabama Health Care Authority, 814 So.2d 260 (Ala.2001); that case dealt with AMC's allegations that EAMC had violated several CON rules. Our Supreme Court reversed this court and affirmed tire trial court's dismissal of AMC's complaint on the ground that AMC had not exhausted all of its administrative remedies before appealing to the circuit court.

. Section 22-21-275(3), Ala.Code 1975, states:
"All reviews must be completed prior to the termination of the review period. If the state agency does not make a decision within the period of time specified for state agency review, the proposal shall be deemed to have been found not to be needed.”
Rule 410-1-7-.18, Ala. Admin. Code (SHPDA), provides:
"Should the state agency fail to reach a decision within the ninety (90) day project review period or an authorized extension thereof, the application will be deemed denied and the project deemed not to be needed.”

.AMC's response to the motion to dismiss was not timely filed pursuant to Rule 27(a), Ala. R.App. P.; however, we grant AMC's motion for an extension of time to file that response, and, accordingly, we have considered the arguments made by AMC therein. We find those arguments to be without merit, however. SHPDA did not file a response to the motion to dismiss.