BRYAN, Judge,
dissenting.
I respectfully dissent. The parties’ factual stipulation in the circuit court that J.M.T. was the biological and legal father of the child eliminated any issue of fact regarding paternity. The elimination of any issue of fact regarding paternity, in turn, authorized the circuit court to determine, as a matter of law, that L.L.M.’s claim seeking a determination regarding paternity was moot. Because that claim was moot, it could not confer jurisdiction upon the juvenile court.
“It is well settled that the judiciary of Alabama is not empowered ‘“to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis omitted). ‘ “/77/ a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court] will dismiss the case.”’ Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997) (quoting Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191, 193 (1961)) (emphasis added).”
Ex parte Connors, 855 So.2d 486, 488 (Ala.2003).
Consequently, I would affirm the circuit court’s determination that the juvenile court did not have subject-matter jurisdiction.
MOORE, J., concurs.