MOORE, Judge.
These appeals have been consolidated for the purpose of issuing one opinion. In appeal no. 2050733, E.E.K. appeals from an order of the Jefferson Circuit Court, Bessemer Division (“the circuit court”), denying his motion, filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which he sought to have a July 21, 2003, judgment vacated. We dismiss that appeal as moot.
In appeal no. 2050734, K.H. appeals from an order of the circuit court remanding the case to the juvenile court of Jefferson County, Bessemer Division (“the juvenile court”), to conduct a jurisdictional hearing. We treat that appeal as a petition for a writ of mandamus, and we deny the petition.

Appeal No. 2050733

On July 21, 2003, the juvenile court entered an order declaring three children, M.K., Mc.K, and C.K., to be dependent based on a petition filed by the Jefferson County Department of Human Resources (“DHR”) and an admission by K.H., their mother, that the children had no legal father. In that order, the juvenile court awarded custody of the three children to the mother. However, on April 15, 2004, the juvenile court entered an order stating, among other things, “This court closes these cases [and] sets aside all prior orders in these cases.” On April 19, 2004, DHR filed another petition alleging dependency of the children; the juvenile court ultimately dismissed that petition for lack of jurisdiction. This court reversed that order. See M.J.P. v. K.H., 923 So.2d 1114 (Ala.Civ.App.2005).
On April 21, 2005, E.E.K. (“the father”) filed a Rule 60(b)(4) motion in which he requested the juvenile court to set aside its July 21, 2003, order. In that motion, the father argued that he had not been notified of the July 2003 dependency hearing and that he had not been given the opportunity to be heard at that hearing; therefore, he asserted, the July 2003 order was void. He filed another Rule 60(b)(4) motion on September 6, 2005, asserting the same argument. On November 16, 2005, the juvenile court entered an order denying all pending motions, which included the father’s Rule 60(b)(4) motions.
The father filed a motion to alter, amend, or vacate the November 16, 2005, order; that motion was denied on December 19, 2005. The father appealed to the circuit court for a trial de novo. Once in the circuit court, the father again filed a Rule 60(b)(4) motion, which was identical to the Rule 60(b)(4) motions he had filed in the juvenile court. After concluding that the father had appealed from a nonfinal order, the circuit court remanded the case to the juvenile court with a suggestion that the juvenile court conduct a hearing to determine if the father’s Rule 60(b)(4) motion had been timely filed and whether the motion had merit.
The father filed an appeal to this court. In his brief on appeal, the father asserts that the circuit court erred in failing to rule on his Rule 60(b)(4) motion and in remanding the case back to the juvenile court. He urges this court to reverse the circuit court’s remand order and to instruct the circuit court to conduct a hearing on his Rule 60(b)(4) motion. Ultimately, the father seeks an order vacating the *1023 July 21, 2003, order awarding custody of the children to the mother.
In Ex parte Connors, 855 So.2d 486 (Ala.2003), our Supreme Court stated:
“It is well settled that the judiciary of Alabama is not empowered ‘“to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis omitted). ‘ “[Iff o, case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court] mil dismiss the case.” ’ Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997) (quoting Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191, 193 (1961)) (emphasis added).”
855 So.2d at 488.
In its April 15, 2004, order, the juvenile court specifically set aside all of its previous orders in the case, which would include the July 21, 2003, order finding the children dependent and awarding custody to the mother. Therefore, the father’s Rule 60(b)(4) motion requesting that the July 21, 2003, order be vacated seeks relief that has already been provided by the juvenile court. Hence, the father’s appeal presents a moot question and is due to be dismissed.

Appeal No. 205078k.

On November 16, 2005, the juvenile court entered an order concluding that, pursuant to Ala.Code 1975, § 30-3B-204, it had temporary emergency jurisdiction over the custody dispute between the mother and the father. The juvenile court ordered the mother, who at that time resided in Ohio, to produce the children and ordered DHR to conduct a home study of the children’s residence. In that order, the juvenile court stated that “all other motions not previously denied are denied herein” and that “[a]ny party may appeal this decision within 14 days from entry of the judgment by filing written notice with the Clerk of this Court and the Clerk of the Court of Civil Appeals.” The mother filed a motion to alter, amend, or vacate the November 16, 2005, order; that motion was denied on December 19, 2005. The mother then appealed to the circuit court, seeking a trial de novo.
On May 12, 2006, the circuit court remanded the case to the juvenile court, concluding that it had no jurisdiction over the appeal because it arose from a nonfinal judgment. On May 26, 2006, the mother appealed to this court. In her brief, she argues that the circuit court erred in determining that the appeal was from a non-final judgment because, she says, the juvenile court indicated in no uncertain terms that she could appeal the order.
Initially, we must determine whether this court has appellate jurisdiction. “An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.” Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995). A ruling by a circuit court that it does not have jurisdiction to conduct a trial de novo remanding the case to the juvenile court is not a final judgment. Hence, the circuit court’s May 12, 2006, order will not support an appeal.
However, this court has discretion to treat an appeal from an interlocutory order as a petition for a writ of mandamus. Ex parte C.L.J., 946 So.2d 880, 887 (Ala.Civ.App.2006).
*1024 “ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005) (quoting Ex parte Liberty Nat’l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
In this case, the mother has failed to show that she had a clear legal right to appeal to the circuit court. Rule 28, Ala. R. Juv. P., authorizes an appeal from a final judgment of the juvenile court. Although the juvenile court indicated that its November 16, 2005, order was final and appealable, as this court has noted many times, whether a judgment is final, and thus appealable, does not depend on the trial court’s characterization of the order; rather, it depends on whether the judgment sufficiently ascertains and declares the rights of the parties. See, e.g., Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992). The November 16, 2005, order from which the mother sought to appeal merely established that the juvenile court had temporary emergency jurisdiction over the custody dispute.[1] The order did not establish custody in either party. Hence, as the circuit court concluded, it was not a final judgment that would support an appeal.
Because the mother has not shown a clear legal right to proceed in the circuit court, we deny her petition.
2050733 — APPEAL DISMISSED AS MOOT.
2050734 — PETITION DENIED.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. We note that the mother has not appealed or filed a petition for a writ of mandamus challenging the juvenile court’s ruling that it had temporary emergency jurisdiction pursuant to Ala.Code 1975, § 30-3B-204. Hence, we do not address that issue.