PARKER, Justice.
Gary Branch, president of Faulkner State Community College, petitions for a writ of mandamus directing the Montgomery Circuit Court to enter a summary judgment in his favor or to dismiss, with prejudice, all claims against him. This Court ordered answer and briefs. The respondents have not filed an answer.

Facts and Procedural Posture

This case arises out of the termination of the part-time employment of Doby Vines and Joey Vines, who are brothers, by the *983 Southwest Alabama Police Academy (“SWAPA”). Under a “joint-use agreement” dated February 9, 1999, Faulkner State allowed SWAPA to operate on its property, provided classroom space and facilities-related services, and provided payroll services to SWAPA.
On January 14, 2003, Chief R. Alan Benefield, executive secretary of the Alabama Peace Officers Standards and Training Commission, composed a memorandum to Branch requesting the removal of the Vineses’ names from SWAPA’s payroll. The memorandum stated that the Alabama Peace Officers Standards and Training Commission had directed that the Vineses’ part-time employment be terminated immediately, necessitating the removal of their names from the payroll list. Pursuant to the instructions in the memorandum, Branch took the necessary action to have the Vineses’ names removed from the payroll list.
In January 2005, the Vineses sued, seeking reinstatement to their part-time positions; they included Branch, in both his official and individual capacities, as a defendant. They claimed that he and Chief Benefield, who had requested the removal of their names from SWAPA’s payroll, had “contrived, combined, federated, and conspired among themselves to deny [the Vineses] their employment, wages, and benefits.” They also sought to enjoin Branch from “failing to restore wages and benefits and other such relief as deemed appropriate by the [trial] Court.”
The joint-use agreement, under which Faulkner State provided payroll services to SWAPA, was terminated effective October 31, 2003, over one year before the Vineses filed their action. Therefore, whether Branch or Faulkner State had ever possessed any power to influence SWAPA’s employment decisions, which Branch insists they did not, neither Branch nor Faulkner State could in any way impact SWAPA’s payroll at the time the Vineses’ complaint was filed.
Although Branch filed a “motion for a summary judgment” in both his individual and official capacities, he was seeking a judgment in his favor or, in the alternative, a dismissal of all the claims against him. He argued in his motion, among other grounds, that he was entitled to State immunity under § 14, Ala. Const.1901, and that the relief sought was not available because Branch had no authority to reinstate the Vineses or to award them back-pay benefits. In his memorandum brief in support of his motion, Branch again advanced the alternative arguments that the claims against him are barred by State immunity and that the plaintiffs had failed to state a claim on which relief could be granted, i.e., that the claims should be dismissed pursuant to Rule 12(b)(6), Ala. R. Civ. P.
On August 8, 2006, the trial court denied Branch’s motion. The order denying his motion reads as follows:
“Ordered, adjudged and decreed said Motions are denied based upon the Rule 53(d) Alabama Rules of Appellate Procedure requiring no precedent to be given to the ‘no opinion’ affirmance in the related case of Davis, et al. v. Peace Officers Standards and Training Commission, CV-2003-0226, Baldwin County Circuit Court. While this seems counterintuitive, the rule and law require this action.”[1]
Branch notes that although in denying his motion the trial court addressed the *984 prohibition in Rule 53(d), Ala. R. Civ. P., on using no-opinion affirmances as precedent, it failed to address the State immunity claim or the ground that the complaint stated no claim against Branch upon which relief could be granted.

Legal Analysis

The denial of a motion for a summary judgment or of a motion to dismiss grounded on immunity is reviewable by a petition for a writ of mandamus. Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000); Ex parte Haralson, 853 So.2d 928, 931 n. 2 (Ala.2003) (“The denial of a motion to dismiss or a motion for a summary judgment generally is not reviewable by a petition for writ of mandamus, subject to certain narrow exceptions, such as the issue of immunity. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761-62 (Ala. 2002).”). This Court has stated:
“A writ of mandamus is an extraordinary remedy available only when there is: ‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001).”
Ex parte Nall, 879 So.2d 541, 543 (Ala.2003). Branch’s motion was grounded on a claim of immunity; therefore, the denial of the motion is reviewable by this Court.
In their complaint against Benefield, Branch, and SWAPA, the Vineses demanded relief in the form of compensatory and punitive damages from Benefield and “[a]n injunction enjoining the defendants from failing to restore the employment, wages, and benefits to [the Vineses].” At paragraph 4 of the complaint, the Vineses stated that “Gary Branch is an individual over the age of nineteen and a resident of Baldwin County, Alabama. Injunctive relief solely is sought as to defendant Branch.”
The Vineses seek “an injunction enjoining [Branch] from failing to restore the employment, wages and benefits to plaintiffs.” Branch denies that he had any authority over the decisions the Vineses complain of, and because the joint-use agreement under which Faulkner State provided services to SWAPA was terminated long before the filing of the Vineses’ action, Branch was without power to afford the remedy they sought.
“It is well settled that the judiciary of Alabama is not empowered ‘ “to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.” ’ Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994) (quoting Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)) (emphasis omitted). ‘ “[Iff a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court] will dismiss the case.” ’ Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997) (quoting Chisolm v. Crook, 130 So.2d 191, 193 (1961)).”
Ex parte Connors, 855 So.2d 486, 488 (Ala.2003).
Because the sole relief the Vineses sought from Branch was an “injunction enjoining [Branch] from failing to restore the employment, wages, and benefits to plaintiffs,” a power Branch no longer had when the complaint was filed, if he ever had it, that part of the complaint was moot insofar as it concerned Branch. Because the claims against Branch were moot, the Vineses failed to state a claim for which *985 relief could be granted, and the claims against him were due to be dismissed. Because the complaint failed to state a claim on which relief could be granted, we pretermit any discussion of whether Branch was entitled to State immunity.
When Branch filed his motion seeking, in the alternative, a summary judgment or a dismissal of the claims against him, he met his burden of demonstrating that the Vineses sought remedies from him that he was unable to provide. The Vineses’ response to Branch’s motion added nothing to refute Branch’s prima facie showing.

Conclusion

The remedies demanded of Branch were not within his power to provide at the time this action was commenced; thus, the complaint fails to state a claim upon which relief can be granted. Branch could provide no relief in any official capacity, and, as an individual, he had no authority to award the relief demanded in the complaint. Accordingly, we conclude that Branch had a clear legal right to a dismissal, that the trial court refused to perform its imperative duty to grant his motion, and that Branch had no other adequate remedy than filing this petition for the writ of mandamus. We therefore grant Branch’s petition and issue the writ of mandamus directing the trial court to enter an order dismissing, with prejudice, all claims against Branch.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.

. On November 18, 2005, the Court of Civil Appeals issued a no-opinion affirmance in Davis v. Alabama Peace Officers Standards and Training Commission 975 So.2d 1026 (Ala.Civ.App.2005)(table).