PER CURIAM.
The Alabama Department of Labor (“the DOL”)[1] appeals from a summary judgment of the Shelby Circuit Court (“the *1063 circuit court”) in favor of Dental Referral Service, LLC (“Dental Referral”). Specifically, the judgment found that Dental Referral was not the employer of Debra Yan-cy, a dental assistant who had obtained temporary employment with a dentist through Dental Referral in September 2010. Dental Referral cross-appeals from the circuit court’s denial of its request for an attorney fee. Dental Referral made the request pursuant to § 12-19-272 of the Alabama Litigation Accountability Act (“the ALAA”), § 12-19-270 et seq., Ala.Code 1975.
The record indicates that Yancy was employed in the dental office of Dr. Melton until she “separated” from that employment in July 2010. Yancy filed a claim with the DOL for unemployment compensation after that separation, and she began receiving benefits in July 2010. In August 2010, Yancy entered into an “independent contractor agreement” with Dental Referral, an agency that refers dental-care professionals such as hygienists and dental assistants for both temporary and permanent jobs with dentists’ offices. Through Dental Referral, Yancy obtained a temporary job with a dentist for about six days during a two- to three-week period in September 2010. Yancy apparently did not seek unemployment-compensation benefits during that time. On September 26, 2010, Yancy’s temporary job ended, and she again filed a claim for unemployment-compensation benefits.
On September 28, 2010, the DOL mailed Dental Referral a notice that the claim had been filed, and it sought information about Yancy’s “separation” from employment. Dental Referral notified the DOL that it was not Yancy’s employer. Nonetheless, on October 12, 2010, the DOL made a determination that Dental Referral was Yancy’s employer. Dental Referral ehal-lenged the DOL’s determination, but it did not deny that Yancy was entitled to receive unemployment-compensation benefits. We note that Yancy is not and never has been a party in this matter.
In January 2011, a hearing was held before a DOL hearing officer, who determined that Dental Referral was Yancy’s employer. After the State Board of Appeals for the DOL denied Dental Referral’s request for a hearing, Dental Referral appealed the finding to the circuit court. Dental Referral filed a properly supported motion for a summary judgment, which the circuit court granted in August 2013, entering the judghient finding that Dental Referral had not been Yancy’s employer. The DOL appealed the judgment to this court.
At one of several hearings before the circuit court, the DOL acknowledged that all the unemployment-compensation benefits it had paid to Yancy in 2010 were “charged solely to Dr. Melton.”[2] The attorney for the DOL explained to the circuit court that, as of January 2012, 18 months after Yancy had made her initial claim for benefits in July 2010, Dental Referral could not be charged for any future claims Yancy might make for unemployment-compensation benefits. Yancy did not file a claim for which Dental Referral had been charged during that 18-month period, and now, as the attorney for DOL told the circuit court, “it’s not going to cost [Dental Referral] one cent.”
On appeal, the DOL raises five issues, but we find the dispositive issue to be the DOL’s argument that this case became moot when the deadline passed after which Dental Referral could no longer be charged for the unemployment-compensation benefits that were paid to Yancy.
*1064 “ ‘It is well settled that the judiciary .of Alabama is not empowered “ ‘to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.’ ” ’ Ex parte Connors, 855 So.2d 486, 488 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)).
“ ‘In deciding whether a case is moot, a court must consider “whether decision of a once living dispute continues to he justified by a sufficient prospect that the decision will have an impact on the parties.” 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3533, at 212 (1984). “[I]f a case has become moot, or [if a] judgment would not accomplish an end recognized as sufficient in law, there is no necessity for the judgment, the court will decline to consider the merits, and [the court will] dismiss the case.” Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191 (1961).’
“Hornsby v. Sessions, 703 So.2d 932, 938 (Ala.1997) ([first] emphasis added).”
Auburn Med. Ctr., Inc. v. East Alabama Health Care Auth., 908 So.2d 243, 245 (Ala.Civ.App.2003) (second emphasis added).
According to the timeline the DOL’s attorney outlined for the circuit court, at the time Dental Referral filed its appeal in the circuit court, the DOL still could , have “charged” Dental Referral for any unemployment-compensation benefits that-Yan-cy might have sought in the next year. Therefore, a justiciable controversy still existed at the time the appeal was filed in the circuit court.
Yancy did not file a claim for benefits within the remaining time, and, according to the DOL’s own attorney, Dental Referral cannot be “charged” for any future claims for unemployment-compensation benefits Yancy might file. As a result, even if this court were to conclude that the circuit court had erred in entering the summary judgment, that conclusion would be for naught. At this point, a determination by this court as to whether the circuit court properly determined that Dental Referral was not Yancy’s employer in September 2010 would have no legal consequence. A consideration of the merits of the issues the DOL raises on appeal would be futile. In -other words, any judgment entered by this court would not accomplish an end recognized as sufficient in law. Auburn Med. Ctr., supra. There is simply no necessity for the DOL’s appeal. We decline to consider the merits of the issues raised by the DOL on appeal, and, therefore, the appeal is dismissed.
In its cross-appeal, Dental Referral contends that the circuit court erred in denying its claim for an attorney fee, which was made pursuant to § 12-19-272 of the.ALAA. As grounds for its request for an attorney fee, Dental Referral asserted that the DOL purportedly filed an answer for Yancy, who was not a party and was not represented by the DOL’s attorneys, and, thus, Dental Referral.says, the DOL “interposed a defense” “without substantial justification.” Dental Referral also asserted that the DOL used what it described as “abusive discovery tactics” by “unilaterally canceling]” without explanar tion Yancy’s deposition, which had been noticed by Dental Referral. Dental Referral’s, representative had apparently cut short, a vacation to attend the deposition when the DOL canceled it. Dental Referral also asserted that, after the parties had made their evidentiary submissions in fa *1065 vor of and in opposition to the parties’ respective motions for a summary judgment and after the hearing on the motions, the DOL submitted the affidavit of the dentist for whom Yancy. had worked in September 2010 as a “supplement.” The affidavit had been obtained by the DOL on November 19, 2012 — almost two months before the January 8,2013, hearing. However, it was not mentioned or submitted to the circuit court until it was filed the night of January 22, 2013. Dental Referral contended that the DOL’s conduct in submitting the affidavit two weeks after the hearing violated Rule 56(c), Ala. R. Civ. P. Dental Referral also alleged that the late submission of the affidavit was an “unfair tactic,” unnecessarily expanded the proceedings, was interposed for delay and harassment, and caused Dental Referral to incur additional attorney fees and costs.
Dental Referral cites no legal authority for its contention that it was entitled to an attorney fee under the ALAA. Alabama’s appellate courts have repeatedly cautioned that
“‘Rule 28(a)(10), Ala. R.App. P., requires that arguments in an appellant’s brief contain “citations to the cases, statutes, other authorities, and parts of the record relied on.” Further, “it is well settled that a failure to comply with the requirements of Rule 28(a)(10) requiring citation of authority in support of the arguments presented provides this Court with a basis for disregarding those arguments.” State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 822 (Ala.2005) (citing Ex parte Showers, 812 So.2d 277, 281 (Ala.2001)). This is so, because ‘“it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’” Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003) (quoting Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).’ ”
Prattville Mem’l Chapel v. Parker, 10 So.3d 546, 560 (Ala.2008) (quoting Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007)).
Here, .other than referring to § 12-19-272 as the basis for its claim, Dental Referral has failed to include any citation to authority in support of its assertion that the circuit court erred in denying its claim for an attorney fee. In the absence of such authority, Dental Referral has waived this claim on appeal.
For the reasons set forth above, the appeal is dismissed, and, as to the cross-appeal, the circuit court’s judgment is affirmed.
APPEAL — DISMISSED.
CROSS-APPEAL — AFFIRMED.
All the judges concur.

. Effective October 1, 2012, while this case was being litigated, the Alabama Department of Labor merged into the Alabama Department of Industrial Relations, which was renamed the Alabama Department of Labor. § 25-2-1.1, Ala.Code 1975.

. Yancy had obtained full-time employment in 2011.