THOMPSON, Presiding Judge.
RES-GA Lake Shadow, LLC (“Lake Shadow”), appeals from a judgment of the Montgomery Circuit Court (“the trial court”) dismissing three claims of its amended complaint against William G. Kennedy (“the husband”), Susan S. Kennedy (“the wife”), Scoop Kennedy Properties, LLC, and Capitol Container Properties, LLC (hereinafter collectively referred to as “the defendants”). The claims involve *524 allegations that property transferred from the husband to the wife pursuant to a divorce settlement agreement were fraudulent and that the transfers were made to prevent Lake Shadow from collecting a debt the husband owed to it.[1]
The record indicates the following. On February 6, 2014, Lake Shadow obtained a judgment in the Superior Court of Gwin-nett County, Georgia, against the husband for $3,690,173.94, plus interest and attorney fees, for a total judgment of approximately $5 million (“the Georgia judgment”).[2] The husband appealed from the Georgia judgment; however, he did not post a bond to stay execution of that judgment. According to the averments made in Lake Shadow’s amended complaint, on August 4, 2014, Lake Shadow filed a notice in the trial court seeking to domesticate the Georgia judgment. On or about August 5, 2014, the amended complaint states, the husband was served with the notice Lake Shadow had filed.
Also on August 5, 2014, the wife filed a complaint for a divorce in the trial court. On August 11, 2014, based on the wife’s unopposed motion, the trial court entered an order sealing the divorce file. The wife had requested that the file be sealed on the ground that of certain marital assets— specifically, Capitol Container, Inc., and Capitol Container Properties, LLC—at least one was a corporation that employed more than 40 people and public disclosure of confidential and fiduciary matters during the divorce proceedings might adversely affect the corporation and its employees.
On August 26, 2014—three weeks after the wife filed the divorce complaint—a settlement agreement (“the settlement agreement”) between the husband and the wife was filed in the trial court. On September 4, 2014, the trial court entered a judgment divorcing the parties and dividing the marital property pursuant to the settlement agreement, which was incorporated into the judgment. The divorce judgment also provided that it was interlocutory and was not to be treated as a final judgment until the expiration of 30 days from the date of the filing of the summons and the divorce complaint. Accordingly, the divorce judgment was effective September 5, 2014. We note that the divorce judgment does not state a ground for divorce.
Pursuant to the settlement agreement, the wife was awarded all of the stock in Capitol Container, Inc., and Capitol Container Properties, LLC. In addition, the wife was awarded certain real property in Montgomery, including the marital residence, property located on Gunter Park Drive, two parcels of property on Container Park Drive, and property located on Charlestown Square; real property in Auburn; and real property in Destín, Florida. The wife was also awarded all of the parties’ household furnishings, her personal property, including jewelry and clothing, a 1957 Chevrolet Bel Air, and a 2007 Corvette. The husband was awarded two condominiums in Florida, a vacant lot in Mira-mar, Florida, a 2014 Chevrolet Suburban sport-utility vehicle, and his personal property, none of which was enumerated in the settlement agreement. Each party was also awarded his or her individual retirement accounts.
*525 According to Lake Shadow’s amended complaint, on September 5, 2014, the same day on which the divorce judgment became final, the husband withdrew his appeal of the Georgia judgment. On September 8, 2014, the wife filed an unopposed motion to unseal the file of the divorce proceedings.
On October 10, 2014, the husband conveyed to the wife by a quitclaim deed real property located on Wexford Trace in Montgomery (“the Wexford Trace property”). The Wexford Trace property was not among the property transferred pursuant to the settlement agreement.
On January 9, 2015, Lake Shadow filed its original complaint in the trial court. On January 80, 2015, it filed its amended complaint alleging that the division of marital assets set forth in the settlement agreement and incorporated in the divorce judgment violated the Alabama Fraudulent Transfer Act (“the AFTA”), § 8-9A-1 et seq., Ala. Code 1975, in that the division was intended to hinder, delay, or defraud Lake Shadow in its efforts to collect the damages it was awarded in the Georgia judgment. In two separate counts, Lake Shadow sought to set aside the division of property on the ground that it constituted an actual or a constructive fraudulent transfer of property that could be used to satisfy the Georgia judgment. Lake Shadow also sought a preliminary injunction enjoining the defendants from disposing of or encumbering the property that was divided in the settlement agreement. In two additional counts of the amended complaint, Lake Shadow sought to have the transfer of the Wexford Trace property set aside on the ground that the conveyance of that property also violated the AFTA.
The defendants filed a motion to dismiss the claims in the amended complaint involving the property divided in the settlement agreement. In support of their motion, the defendants cited this court’s decision in Aliant Bank v. Davis, 198 So.3d 508 (Ala. Civ. App. 2015), arguing that that case stood for the proposition that a division of marital assets pursuant to a property settlement does not constitute a “transfer” for purposes of the AFTA and that, therefore, the AFTA was not applicable in this case. The trial court agreed and dismissed the claims—counts one and two of the amended complaint—pertaining to the property divided pursuant to the settlement agreement on the basis of Ali-ant.
After those , claims were dismissed, the defendants waived their right to a jury trial on the remaining claims involving the transfer of the Wexford Trace property and the preliminary injunction. After a bench trial, the trial court entered a judgment in favor of the defendants on Lake Shadow’s claims involving the Wexford Trace property. The trial court also found in favor of Lake Shadow as to the wife’s counterclaims against it alleging the tort of outrage, invasion of privacy, and intentional interference with business relations. In the judgment, the trial court clarified that its prior order of dismissal of the claims involving the property divided in the settlement agreement also applied to that portion of the claim for a preliminary injunction as to those same claims.
Lake Shadow appealed from the trial court’s judgment to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Lake Shadow contends that the trial court erred in dismissing its claims alleging that the transfers of property made pursuant to the settlement agreement violated the AFTA. Specifically, Lake Shadow asserts that the division of marital assets as set forth in the settlement agreement constitutes a “transfer” of assets as contemplated by the AFTA. Lake Shadow asserts that Aliant Bank, supra, which the trial court relied on in: dismissing those *526 claims, does not hold that, as a matter of law, transfers of assets made pursuant to a divorce agreement are not subject to the AFTA. We agree.
In Aliant, Aliant had filed a civil action against the wife (“Shirley”), seeking to obtain the property she had been awarded in á 2012 divorce judgment, which incorporated the agreement reached between Shirley and the husband (“Alfred”). We note that Aliant did not include Alfred as a defendant in its action. Aliant had alleged that the transfer of property resulting from the divorce judgment constituted a' fraudulent transfer. We affirmed the judgment in favor of Shirley, in which the trial court found after an ore tenus hearing that there was no evidence to suggest that Shirley and Alfred’s divorce and the resulting property settlement were fraudulent or collusive. 198 So.Bd at 511.
In 'affirming the judgment, we set forth the arguments that Aliant put forth in support of its assertion that the division of marital property in that case- violated the AFTA, writing:
“Aiant contends that the trial court misapplied the law regarding fraudulent transfers in determining that the property award to [Shirley] in’ the divorce judgment did not constitute a fraudulent transfer. Specifically, Aiant argues that the marital compound' Alfred transferred to [Shirley] as part of the settlement agreement and divorce judgment was fraudulent because, it says, Alfred did not receive ‘reasonably, equivalent value’ for the marital compound and he was not insolvent at. the time of the transfer or made insolvent because of the transfer. .
“In its appellate brief, Aiant cites five reasons it believes that the trial court erred in determining that Afred did receive ‘reasonably equivalent value’ for the marital compound. Those reasons include the methods the trial court used for determining the value of the property. Aliant also takes exception with the trial court’s , statement that the award of alimony in gross, i.e., the property award to [Shirley], ‘relieved [Alfred] of the obligation to-pay periodic alimony.’ Aiant contends that the trial court’s statement is incorrect and, thus, was an improper matter for consideration when determining ‘reasonably equivalent value,’ because, Aiant says, the divorce judgment reserved the issue of periodic alimony.
“In arguing that the trial court misapplied the law regarding fraudulent transfers, Aiant seeks to apply the Aa-bama Fraudulent Transfer Act (’the AFTA’), § 8-9A-1 et seq., Aa. Code 1975, to a property division between divorcing spouses and asks this court to disregard the tremendous body of case-law that actually governs awards of alimony and the division of marital property. Under most circumstances, the AFTA is not applicable to divisions of marital property between divorcing spouses.”
198 So.3d at 511-12 (emphasis added).
. Moreover, in Aiant, this court explained what constituted a fraudulent transfer under the AFTA and compared that definition with the purpose behind dividing marital property'in a divorce, which does not require an exchange of money between divorcing spouses for such property transfers to be valid. We also examined the evidence before the trial court in- light of the issues that Aiant had presented to this couxt, noting that, .
“[i]n this case, [Shirley]- and Alfred had been married for 53 years before Alfred moved out of the residence to begin living with his girlfriend and had been married for 55 years at the time the .divorce judgment was entered.-At the time Alfred, moved out of the marital residence, [his building company] had *527 not defaulted on the loan at issue, and, as the trial court pointed out, [Shirley] and Alfred separated about two years before Aliant filed its action against Alfred and [his building company that ultimately resulted in a judgment against Alfred and his building company] and about three and one-half years befpre it filed this action [against Shirley], Based on the record before us, we conclude that substantial evidence supports the trial court’s finding that Alfred conveyed the marital compound to [Shirley] without an actual intent to hinder, delay, or defraud Aliant. See § 8-9A-4(a).
. “For the reasons set forth above, we conclude that the AFTA has no application as to the division of the marital property in this case.”
Id. at 513 (emphasis added). In other words, after considering the facts and the issues presented in Aliant, we rejected Ali-ant’s assertion that “ ‘the trial court erred in considering the factors used to divide marital property as a basis for determining that [Alfred] received “reasonably equivalent value” for his transfers to [Shirley],’ ” id. or otherwise divided the marital property with the intent to defraud Alfred’s creditors.
We take this opportunity to reiterate that our holding in Aliant did not declare that a division of marital property in a divorce action can never violate the AFTA. Whether the AFTA applies in a given situation should be determined on a case-by-case basis. We find instructive the opinion in Canty v. Otto, 304 Conn. 546, 41 A.3d 280 (2012). In that case, the Supreme Court of Connecticut affirmed a judgment allowing a creditor to use the Uniform Fraudulent Transfer Act, similar to the AFTA, to reach assets that had been transferred to Otto’s wife in “a hurried fashion" during a divorce that Otto and his wife did not desire, but which Otto “encouraged and facilitated” to protect his assets so that they could not be reached by the plaintiff in a wrongful-death action against him. 304 Conn. at 551-52, 41 A.3d at 285. To be clear, we explicitly hold that there is no prohibition on a creditor’s ability to seek'relief under the AFTA based on an allegation that an agreement to transfer marital assets in a divorce action was made with .the intention of hindering, delaying, or defrauding a creditor of a spouse. See § 8-9A-4(a), Ala. Code 1975. Because the evidence indicated no such intention on the part of Shirley and Alfred in Aliant, we concluded that the AFTA had np application under the facts of that case. Aliant, 198 So.3d at 513.
In this case, the trial court dismissed Lake Shadow’s AFTA claims involving the assets in the parties’ settlement agreement before any evidence was taken.
“ ‘On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772 (Ala. Civ. App. 1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when' the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle her [or him] to 'relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala. Civ. App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101 (Ala. 1984). We note that a Rule 12(b)(6) *528 dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986).’
“(Emphasis added.)”
Smith v. Smith, 865 So.2d 1221, 1223-24 (Ala. Civ. App. 2003)(quoting Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993)). Because Lake Shadow has asserted allegations in its amended complaint that, if true, would entitle it to relief under the AFTA, the trial court improperly dismissed the AFTA claims asserted in counts one and two of the amended complaint. Accordingly, we reverse the February 3, 2016, order dismissing counts one and two of Lake Shadow’s amended complaint and also that portion of the March 3, 2016, judgment dismissing “that portion of count five dealing with assets transferred pursuant to the divorce settlement agreement.”
Lake Shadow also contends that the trial court erred in denying its motion to strike the husband’s and the wife’s demands for a jury trial. However, as the trial court noted in its judgment of March 3, 2016, the defendants, including the husband and the wife, waived their right to a trial by jury after the trial court dismissed the AFTA claims contained in counts one and two. The remaining claims were tried before the trial court without a jury. The defendants do not have a request for a jury trial pending in this case. '
“ ‘It is well settled that the judiciary of Alabama is not empowered “ ‘to decide moot questions, abstract propositions, or to give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.’ ” ’ Ex parte Connors, 855 So.2d 486, 488 (Ala. 2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala. 1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963)).”
Auburn Med. Ctr., Inc. v. East Alabama Health Care Auth., 908 So.2d 243, 245 (Ala. Civ. App. 2003). See also Steffel v. Thompson, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (“The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.”). Accordingly, we will not address this issue on appeal.
For the reasons set forth above, the judgment of the trial court dismissing Lake Shadow’s AFTA claims involving assets divided in the parties’ settlement agreement is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED.
Pittman, Thomas, and Moore, JJ., concur.
Donaldson, J., recuses himself.

, In its amended complaint, Lake Shadow contends that some of the properties transferred to the wife were not marital assets but, it says, were owned by business entities controlled by the husband.

. The Georgia judgment was the result of litigation between Lake Shadow and the husband, who had executed a personal guaranty for a loan made in connection with a commercial real-estate development that failed.