CRAWLEY, Judge.
John Hargett and several other persons (collectively “Hargett”) filed an action against the City of Florence and several other defendants. The action involved the City’s collection of ad valorem taxes to satisfy bond indebtedness, pursuant to Ala. Const. Amend. No. 8 and Ala.Code 1975, §§ 11-51^42 and -43. The trial court dismissed Hargett’s action as not presenting a justiciable controversy. Hargett appealed from that dismissal, arguing that he did present a justiciable controversy that should have been resolved, pursuant to the Declaratory Judgment Act, Ala.Code 1975, § 6-6-220 et seq.
The following facts are undisputed. Alabama Constitutional Amendment No. 8 authorizes municipalities, including the City of Florence, to collect property taxes for the purpose, among other things, to pay bond indebtedness. We will call this tax the “bond tax.” In 1977, the City issued school bonds for $1 million principal amount. The bonds matured incrementally from 1978 to 1997. The City last collected the bond tax for the 1996-97 tax year, which ended September 30, 1997, and the bond tax was not collected for the 1997-98 tax year or the years following. The bond tax produced substantially more revenue than was required to satisfy the bond indebtedness. The City spent the excess revenue for miscellaneous expenses out of its general funds.
Hargett sought a judgment declaring that the City had exceeded its authority to collect more tax revenue than that needed to satisfy the bond indebtedness. Hargett requested no refund of the excess tax he paid. See Ala.Code 1975, § 11-51-72 and §§ 40-10-164 through -166 (generally providing the procedures for the refund of municipal taxes). The trial court eventually dismissed Hargett’s action, on the basis that it presented no justiciable controversy. We agree with the trial court.
In order for a court to hear a declaratory-judgment action, a justiciable controversy must presently exist that presently affects the legal rights or obligations of the parties. Town of Warrior v. Blaylock, 275 Ala. 113, 152 So.2d 661 (1963); Scott v. Alabama State Bridge Corp., 233 Ala. 12, 169 So. 273 (1936).
*991 Hargett’s complaint seeks only a declaration that the City violated Amendment No. 8 by collecting more tax revenue than was necessary to satisfy the bond indebtedness. Hargett has not requested a refund of the excess tax he may have paid. According to the undisputed facts, the City started collecting excess revenue in 1993 and stopped collecting excess revenue in 1997 when it ceased collecting the tax altogether. Any judgment regarding the City’s collection of excess tax revenue from 1993 to 1997 will not affect the rights of either the City or Hargett. If the trial court had determined that the City’s collection of the excess tax revenue was illegal, then the City would not be hable to refund Hargett any excess tax he paid, because he never requested that relief.
We agree with the trial court that Har-gett’s action presents no justiciable controversy and was due to be dismissed. Har-gett and the other plaintiffs request no relief, other than for the court to declare that the City collected more tax than the amount to which it was entitled. The City has stopped collecting the tax, and Har-gett has not requested a refund of any tax he paid while it was being collected. Applying the principles set forth in the Declaratory Judgment Act, the trial court properly dismissed Hargett’s case as not presenting a justiciable controversy. The judgment of dismissal is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.