LYONS, Justice
(concurring in part and concurring in the result).
The trial court found that the proposed plans to construct and operate a hotel and convention center on property at Gulf State Park must comply with § 93, Alabama Constitution of 1901, which prohibits the State from having an interest in private enterprise, with § 213.32, Alabama Constitution of 1901 (Off.Recomp.), which requires operation and maintenance of such a center exclusively by employees of the Department, with the Concession Act, which limits the term of such leases as contemplated here to a maximum of 12 years and requires reasonable rates, with the Improvement Act, which calls for consideration of per capita income and average family income of Alabamians in planning any such center, and with the Sales Act, which provides for competitive bids. No injunction issued. On appeal, the main opinion addresses each of the several issues.
The main opinion correctly affirms the judgment of the trial court as to its finding of applicability of the Concession Act, including the provisions in that act for competitive bidding, reasonable rates and charges for lodging facilities, and a maximum lease term of 12 years. I concur fully in this aspect of the main opinion. In order to analyze the issue of the applicability of the Concession Act the main opinion was required to address the effect of the Sales Act.
The main opinion also reviews other aspects of the trial court’s order beyond the Concession Act and the Sales Act, specifically, § 93, Alabama Constitution of 1901, prohibiting the State from having an interest in private enterprise, § 213.32, Alabama Constitution of 1901 (Off.Recomp.), requiring operation and maintenance of State-park property exclusively by employees of the Department, and the Improvement Act, calling for consideration of per capita income and average family income of Alabamians, aspects not essential to analysis of the foregoing issue of the proper construction of the Concession Act.
The trial court’s judgment consists of several separate declarations dealing with five areas of Alabama law it found applicable to the proposed plans to construct and operate a hotel and convention center on property at Gulf State Park. If this were an appeal from a summary judgment for a defendant in an action for damages, we would examine the issues raised by the plaintiff-appellant and, upon finding a basis on which to reverse the judgment as to a single issue, we would do so and deem it unnecessary to consider other issues that might also justify a reversal. See, e.g., Phillips v. Wayne’s Pest Control Co., 623 So.2d 1099, 1101 (Ala.1993) (“Because we reverse on this ground, we pretermit other arguments by the Phillipses.”). Here, we have multiple declaratory judgments as to separate issues, all adverse to the interests of the defendants. However, finding a basis on which to reverse the trial court’s judgment on any one issue would not dispense with the necessity to deal with other issues, because all other declarations adverse to the defendants’ interests would remain in force. On the other hand, finding a basis on which to affirm the trial *444 court’s judgment on any one of the requirements of Alabama law that the defendants under the undisputed facts have not satisfied obviates the necessity for consideration of any other issues until such time as the defendants’ proposed plans are shown to be in compliance with the Concession Act, as to which we have today held the defendants are not in compliance, and any requirements of Alabama law dealing with that act. In other words, given that the defendants are not now in compliance with the Concession Act, until such time as they come forward with a proposal that meets the requirements of the Concession Act (competitive bidding, maximum 12-year lease, reasonable rates), we need not address the remaining bases upon which the trial court’s judgment might be affirmed. For all that appears, such a new proposal may never eventuate, and any holdings on other issues at this time, while they may be helpful with respect to some new proposal not yet made and obviously not now before us, is contrary to our disinclination to render a declaratory judgment on hypothetical questions. See Bedsole v. Goodloe, 912 So.2d 508, 518 (Ala.2005) (“The Declaratory Judgment Act, §§ 6-6-220 through -232, Ala.Code 1975, ‘does not “ ‘empower courts to ... give advisory opinions, however convenient it might be to have these questions decided for the government of future cases.’ ” ’ ” (quoting Bruner v. Geneva County Forestry Dep’t, 865 So.2d 1167, 1175 (Ala.2003), quoting in turn Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 944 (Ala.1994), quoting in turn Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963) (emphasis added in Stamps))).
Because I do not consider it necessary to reach these other issues, I concur only in the result as to those issues.