THOMPSON, Presiding Judge, concurring in part and dissenting in part.
Because I believe the City of Robertsdale ("Robertsdale") and the Baldwin County Sewer System ("BCSS") have shown that there exists a justiciable controversy as to the 2002 and 2008 amendments, I must respectfully dissent from that portion of the main opinion that holds that Robertsdale's and BCSS's complaints are due to be dismissed to the extent they challenge the 2002 and 2008 amendments.
Our supreme court has stated:
" 'All that is required for a declaratory judgment action is a bona fide justiciable controversy.' Gulf South Conference v. Boyd, 369 So.2d 553, 557 (Ala.1979). A controversy is justiciable where present 'legal rights are thwarted or affected [so as] to warrant proceedings under the Declaratory Judgment statutes.' Town of Warrior v. Blaylock, 275 Ala. 113, 114, 152 So.2d 661, 662 (1963). Thus, '[d]eclaratory judgment proceedings will not lie for an "anticipated controversy." ' City of Dothan v. Eighty-Four West, Inc., 738 So.2d 903, 908 (Ala.Civ.App.1999). 'However, the parties should not be compelled to wait until the events giving rise to liability have occurred before having a determination of their rights and obligations.' Id. (emphasis added); see Morton v. Allstate Ins. Co., 486 So.2d 1263, 1269 (Ala.1986)."
Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So.2d 285, 288 (Ala.2002).
It is undisputed that, before the 2002 amendment, Robertsdale was providing water service to a limited number of customers in the service area that was granted to the East Central Baldwin County Water, Sewer and Fire Protection Authority ("ECBC") by the 2002 amendment ("the expanded service area"). Testimony also indicated that, in 2002, Robertsdale's water capacity and service capability more than quadrupled that of ECBC and that Robertsdale is adequately capable of expanding its water services as much as future demand may require. However, ECBC has financed the construction of its water system with a loan from the United States Department of Agriculture. That federal loan prohibits any competitors, such as Robertsdale, from laying water lines that would cross or run parallel to ECBC's lines. Thus, ECBC has essentially monopolized water services in the expanded service area for the duration of its loan, despite the fact that Robertsdale is adequately prepared to provide water services *110 to customers in that area should the demand arise.
If the 2002 amendment were merely going to make ECBC a competitor of Robertsdale, I would be inclined to concur with the main opinion. However, the 2002 amendment does not foster competition; it removes Robertsdale from the equation and forecloses it from offering additional water services in an area where it was providing services before the 2002 amendment. I make no judgment as to whether the 2002 amendment was proper. However, in my opinion, these facts present a " 'bona fide justiciable controversy,' " Creola Land Dev., 828 So.2d at 288, because Robertsdale's legal right to provide water services in the expanded service area has been " 'thwarted or affected.' " Id. Thus, I would hold that Robertsdale has standing to challenge the 2002 amendment and to seek a declaratory judgment as to its right to provide water services in the expanded service area.
I would also hold that BCSS has standing to challenge the 2002 amendment. The main opinion bases its holding that BCSS's complaint is due to be dismissed as to the 2002 amendment on the ground that BCSS does not provide water services, but the effect of the 2002 amendment was to increase the geographic scope of ECBC's service area. I agree that the 2002 amendment's expansion of ECBC's geographic scope did not initially harm BCSS because ECBC, at that time, did not provide sewer services. However, after the 2008 amendment, ECBC was authorized to provide sewer services throughout its entire geographic service area, which, after 2002, included the expanded service area. Testimony indicated that BCSS was adequately prepared to provide sewer services in the expanded service area and, in fact, that it was already providing sewer services in some of ECBC's service area. Thus, although it appears that the 2002 amendment, standing alone, would not have harmed BCSS, the collective effect of the two amendments may impede BCSS's ability to provide sewer services in the expanded service area. As a result, I would hold that BCSS has standing to challenge the 2002 amendment and to seek a declaratory judgment regarding its right to provide sewer services in the expanded service area.
Regarding the 2008 amendment, it is undisputed that ECBC has no plans to construct a sewer system or to provide sewer services in the expanded service area. Rather, testimony indicated that ECBC hoped to regulate sewer services in that area and that it applied for the 2008 amendment only so that it could charge franchise fees to third-party providers who wanted to provide sewer services in the expanded service area. In fact, ECBC attempted to assert this authority with BCSS. The record indicates that, upon learning of BCSS's permits to place sewer lines in the expanded service area, ECBC sent a letter to BCSS requesting that it cease any placement of sewer lines in the expanded service area and that it submit all plans and specifications concerning the placement of sewer lines to ECBC. ECBC forwarded the letter to the Baldwin County Commission ("the BCC") and requested that the BCC not issue further permits for any sewer system to be located in the expanded service area without the prior approval of ECBC. BCSS did not comply with ECBC's request. However, testimony indicated that the BCC shut down BCSS's operations for "several" or "a few" days before BCSS was able to continue laying sewer lines.
It appears from the record that no party is certain of whether ECBC, by virtue of *111 the 2008 amendment, has the authority to regulate the sewer services of other sewer-service providers in the expanded service area or to charge those sewer-service providers fees for providing sewer services. Both Robertsdale and BCSS currently provide sewer services, and both are adequately prepared to extend their services into the expanded service area. However, if ECBC is able to charge Robertsdale and BCSS fees for their sewer services, Robertsdale and BCSS will be harmed because they will have to pay a fee to provide services they are capable of currently providing without paying a fee. Furthermore, evidence indicates that if ECBC decides to obtain a federal loan to construct its own sewer system, Robertsdale and BCSS will be precluded from providing sewer services in the expanded service area, much like the 2002 amendment has precluded Robertsdale from providing water services to new customers in the expanded service area. Thus, I would hold that both Robertsdale and BCSS have standing to challenge the 2008 amendment and to seek a declaratory judgment as to the parties' rights regarding sewer services in the expanded service area.
I concur with the main opinion to the extent that it holds that Summerdale's claims as to the 2002 amendment and the 2008 amendment are due to be dismissed.
PITTMAN, J., concurs.