WISE, Justice.
Brian Barze, the plaintiff below, filed a petition for a writ of mandamus requesting that this Court direct the Jefferson Circuit Court to set aside its July 23, 2014, order sealing a motion to stay filed by James S. Holbrook, Jr., one of the defendants below. We grant the petition and issue the writ.

*1013
Facts and Procedural History

On March 1, 2013, Barze filed in the Jefferson Circuit Court an action against Sterne Agee Group, Inc., and Holbrook, the then CEO of Sterne Agee. Barze included claims of promissory fraud and fraudulent inducement, breach of contract, conversion, and defamation. In his complaint, Barze alleged that, in spring 2009, Sterne Agee had approached him about leaving his old company and becoming the chief financial officer (“CFO”) of Sterne Agee and that Holbrook had told him that, if he joined Sterne Agee, Sterne Agee would pay him severance pay of at least one year’s salary and bonus if the job with Sterne Agee did- not work out. Barze alleged that he relied on Holbrook’s promises and representations when he agreed to accept the job at Sterne Agee and when he left his former employer and gave up his opportunities there. Barze asserted that, after he started working with Sterne Agee, he was presented with an employment agreement to sign; that Holbrook assured him that the employment agreement was signed by all employees; that Holbrook assured him that Holbrook could and would take care of Barze and honor their oral agreement regarding the severance pay of at least one year’s salary and bonus; and that Holbrook told Barze that he was committed to Barze as the long-term CFO of Sterne Agee. Barze asserted that, in reliance on Holbrook’s assertions, he signed the employment agreement.
Barze asserted that Holbrook’s primary instructions for him as CFO were “to protect Sterne Agee’s bottom line profitability by reducing wasteful and abusive spending.” However, he alleged that he later learned that “Holbrook use[d] Sterne Agee and its resources and corporate toys for Holbrook’s own personal pleasure, thereby contributing enormously to the wasteful and abusive spending at Sterne Agee that detracts from its profitability.” Barze further asserted that he learned that Hol-brook used Sterne Agee funds to invest in business ventures without the approval of or disclosure to the Sterne Agee Board. He also alleged that Holbrook frequently “individually invested in the same ventures, receiving stock in connection with those investments” and that “Holbrook benefitted personally from Sterne Agee corporate investments that often resulted in losses for Sterne Agee.” Barze asserted that he discussed with Holbrook the issue of Holbrook’s wasteful personal use of Sterne Agee assets, but Holbrook told him the issue was none of Barze’s concern. He also asserted that Holbrook had threatened that, “if any employee in Barze’s accounting department ever had access to Holbrook’s Sterne Agee holding company expenditures, that person would be ‘fired.’” Finally, Barze asserted that, on August 21, 2012, the interim human-resources director for Sterne Agee came to his office and told him that he was “ ‘let go effective immediately”’ and that he was not given any reason for the termination of his employment with Sterne Agee.
In his complaint, Barze asserted that, after his employment was terminated, Sterne Agee refused to pay him the severance pay Holbrook had promised him. He also asserted that he repeatedly requested return of the shares of Sterne Agee stock, or the bonds to which they had been converted, and other stocks he had purchased during his employment at Sterne Agee but that Holbrook and Sterne Agee refused to return that property to him. Barze further asserted that it appeared that Sterne Agee and Holbrook “have somehow unlawfully substituted the stock shares that Barze purchased with zero coupon bonds.” Finally, he alleged that he had been defamed by Holbrook on numerous occasions.
*1014 On July 18, 2014, Holbrook filed a motion for leave to file under seal a motion to stay Barze’s action pending the conclusion of a criminal investigation and proceedings. Holbrook asserted that the matters addressed in his motion to stay involved information that would promote defamation and that would pose potential harm for third parties who were not parties to the litigation. On July 21, 2014, Barze filed an objection and response to Hol-brook’s motion for leave to file his motion to stay under seal. On July 23, 2014, the trial court entered.an order granting Hol-brook’s motion for leave to file his motion to stay under seal and ordering the circuit clerk to. seal 'Holbrook’s motion to stay. Subsequently, Holbrook filed his motion to stay the underlying civil action pending a criminal investigation and proceedings, which the trial- court granted.
On September 3, 2014, Barze filed in this Court a petition for a writ of mandamus directing the trial court to vacate its order sealing Holbrook’s motion to stay and directing "the trial court to vacate its order staying- the proceedings in the trial court pending the completion of the criminal investigation and proceedings. This Court denied the petition by order issued October 30, 2014, as to the trial court’s order staying the proceedings but ordered answers and briefs as to the trial court’s order sealing Holbrook’s motion to stay.

Standard of Review

“'Mandamus is an extraordinary remedy and will -be granted only where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)).”
Ex parte Gadsden Reg’l Med. Ctr., 904 So.2d 234, 235 (Ala.2004).
“Review of a trial court’s sealing of the record or documents is clearly subject to review for abuse of discretion[1] Holland v. Eads, 614 So.2d 1012, 1014 (Ala.1993); In re Application and Affidavit for a Search Warrant, 923 F.2d 324, 326 (4th Cir.), cert. denied, 500 U.S. 944, 111 S.Ct. 2243, 114 L.Ed.2d 484 (1991). See also Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir.1985)(where parties presented ‘no legally sufficient reasons for the closure of the record[,] ... the sealing- of the record was an abuse of discretion’)....
“It is-well settled that ‘[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.’ Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990).”
Ex parte Birmingham News Co., 624 So.2d 1117, 1126 (Ala.Crim.App.1993).

Discussion

Barze argues that the trial court exceeded its discretion when it granted Holbrook’s motion for leave to file his motion to stay under seal and then sealed *1015 Holbrook’s motion to stay because it did not first comply with- the procedural requirements set forth in Holland v. Eads, 614 So.2d 1012 (Ala.1993). In Holland, this Court stated:
“In light of the public policy in favor of public access and the prevailing analysis of this presumption in most .American courts, we hold that if a motion to seal is filed, then the trial court shall conduct a hearing. The trial court shall not seal court records except upon a written finding that the moving party has proved by clear and' convincing evidence that the information contained in the document sought to be sealed:
“(1) constitutes a'trade secret or other confidential commercial research or information; see Brown & Williamson Tobacco Corp.[v. F.T.C., 710 F.2d 1165,] 1179 [ (6th Cir.1983) ]; or
“(2) is a matter of national security; see Barron [v. Florida Freedom Newspapers, Inc., 531 So.2d 113,] 118 [ (Fla.1988) ]; or
“(3) promotes scandal or defamation; or
“(4) pertains to wholly private family matters, such as divorce, child custody, or adoption; see [Nixon v.] Warner [Commc’ns, Inc., 435 U.S. 589 (1978) ]; [Ex parte ] Balogun, [516 So.2d 606 (Ala.1987) ]; Holcombe v. State ex rel. Chandler, 240 Ala. 590, 200 So. 739 (1941); or
“(5) poses a serious threat of harassment, exploitation, physical intrusion, or other particularized harm to the parties to the action; or
“(6) poses the potential for harm to third persons not parties to the litigation.
“If any one of the above criteria is satisfied, then the trial court may seal the record, or any part of the -record, before trial, during trial, or even after a verdict has .been reached.
“This approach limits, but does not abolish,- the range of judicial discretion. Theré is-a presumption in favor of openness, which can be overcome only by clear and convincing evidence that an individual’s privacy'interest (as set out above) rises above the public interest in access.”
614 So.2d at 1016.
In this case, the trial court had a duty to conduct a hearing on Holbrook’s motion for leave to file his motion to stay under seal, but it did not do so. Additionally, before sealing the motion, the trial court had a duty to make written findings that Holbrook had proved by clear and convincing evidence that the .information contained in his motion to stay fell within one of the six categories set forth in Holland. However, it did not do so. In fact, in its order granting the motion, the trial court merely stated:
“The Defendant, James S. Holbrook, Jr.’s Motion for Leave to file Under Seal is GRANTED. The Clerk is Directed to SEAL the Defendant, James S. Hol-brook, Jr.’s Motion to Stay Civil Action Pending Conclusion of Criminal Investigation and Proceeding.”
Accordingly, the trial court did not comply with any of the procedural requirements set forth in Holland before it sealed Hol-brook’s motion to stay.

Conclusion

Because the-trial court did not comply with the procedure set forth in Holland.; it exceeded its discretion when' it granted Holbrook’s motion and directed the circuit clerk to seal Holbrook’s motion to stay the underlying civil action. Accordingly, we grant the petition for the writ of mandamus and direct the trial court to vacate its *1016 July 23, 2014, order granting Holbrook’s motion for leave to file his motion to stay under seal and sealing Holbrook’s motion to stay. In reaching our decision, we do not address the merits of whether the motion for leave to file the motion to stay under seal was due to be granted in this case. Therefore, we direct the trial court to consider Holbrook’s motion for leave to file the motion to stay under seal in accordance with the procedure set forth in Holland.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and BRYAN, JJ., concur.
MOORE, C.J., concurs in the result.

. This Court has stated:
“We now phrase the question formerly framed in terms of whether a trial, court ‘abused’ its discretion in térms of whether the trial court ‘exceeded’ its discretion. E.g., Vesta Fire Ins. Corp. v. Milam & Co. Constr,, Inc., 901 So.2d 84 (Ala.2004); Johnson v. Willis, 893 So.2d 1138 (Ala.2004); and Zaden v. Elkus, 881 So.2d 993 (Ala.2003).
Ex parte Family Dollar Stores of Alabama, Inc., 906 So.2d 892, 899 (Ala.2005).