MOORE, Judge.
Paul W. Dumas, the father of S.K.D. and K.W.D. ("the children"), petitions this court for a writ of mandamus directing the Montgomery Circuit Court ("the trial court") to vacate its order awarding custody of the children to their maternal grandmother, Ruth Howell Walters ("the maternal grandmother"). The father also requests this court to direct the trial court to transfer the action to the Lowndes Circuit Court. We dismiss the petition in part and deny it in part.
Background and Procedural History
The exhibits attached to the petition and the answer filed by the maternal grandmother reveal the following. On February 6, 2015, the father and Laura Walters Wood ("the mother") entered into a settlement agreement in a divorce action in the Lowndes Circuit Court. The mother and the father agreed that they would have joint legal custody of the children, that the mother would have "primary" physical custody of the children,[1] and that the father would exercise visitation.
*671 On September 22, 2015, the maternal grandmother filed a petition in the trial court, seeking grandparent visitation with the children. On November 13, 2015, the trial court dismissed the maternal grandmother's petition. On December 10, 2015, the maternal grandmother filed a motion to vacate the trial court's order of dismissal and sought to amend her petition to request custody of the children.[2]
On August 22, 2016, the mother filed an answer to the maternal grandmother's petition and a motion to dismiss the petition. After the maternal grandmother filed a response to the mother's filing, the mother filed a subsequent response on September 12, 2016, requesting the dismissal of the action or to transfer the action to the Lowndes Circuit Court; she also attached an affidavit of the father in support of her response.
After a hearing, at which only the maternal grandmother and her attorney were present, the trial court entered an order on September 25, 2017, awarding custody of the children to the maternal grandmother.
On September 26, 2017, the mother filed a motion to set aside the order. On September 28, 2017, the father, who apparently had not been made a party to the action or served, filed an expedited motion to set aside the award of custody and to dismiss the case; he also requested that the action be transferred to the Lowndes Circuit Court and that he be awarded temporary custody of the children. He alleged that he had not been given notice of the action.
On September 28, 2017, the father filed in the Lowndes Circuit Court a petition to modify the parties' divorce judgment, a motion for pendente lite custody of the children, and a motion for suspension of his child-support obligation pendente lite.
On October 3, 2017, the father filed in the trial court, among other things, a motion for an emergency hearing and a motion for the immediate return of the children to him.
On November 6, 2017, the trial court entered an order stating that a hearing on the mother's motion to set aside the September 25, 2017, order had been held on November 2, 2017, at which the father, the mother, the maternal grandmother, and their attorneys, among others, had been present.[3] The trial court ordered that it would retain jurisdiction of the action and that pendente lite custody of the children would remain with the maternal grandmother pending a final hearing.
The father filed his mandamus petition with this court on November 10, 2017.
Standard of Review
"As this Court has consistently held, the writ of mandamus is a
" ' "drastic and extraordinary writ that will be issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." '
" Ex parte Wood, 852 So.2d 705, 708 (Ala. 2002) (quoting Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993) )."
*672 Ex parte Alabama Dep't of Transp., 978 So.2d 17, 20-21 (Ala. 2007).
Discussion
In his mandamus petition, the father argues that the award of custody to the maternal grandmother was entered without notice being afforded to him and that the action should be transferred to the Lowndes Circuit Court. We note, however, that the trial court's November 6, 2017, order indicates that a hearing had been held on the mother's motion to set aside the September 25, 2017, order, at which the father and his attorney were present and arguments of counsel were presented. No transcript of that hearing is before this court, so we cannot determine whether the father made a general appearance or a special appearance, whether the parties were given an opportunity to present evidence and declined, or otherwise what took place at that hearing. "An appellate court does not presume error; the appellant has the affirmative duty of showing error." Greer v. Greer, 624 So.2d 1076, 1077 (Ala. Civ. App. 1993). Without a transcript indicating that the father made a special appearance, that the parties were denied the opportunity to present evidence, or other error, we must presume that the trial court's hearing on November 2, 2017, cured any deficiency in notice that previously existed. Chisolm v. Crook, 272 Ala. 192, 194, 130 So.2d 191, 193 (1961). Because the November 6, 2017, order awarded the maternal grandmother pendente lite custody of the children, we conclude that that order impliedly vacated the September 25, 2017, custody order, thus rendering any challenge by the father to the September 25, 2017, order moot. See, e.g., J.L. v. G.N., 210 So.3d 1136, 1139 (Ala. Civ. App. 2016). Based on the foregoing, we dismiss the father's petition to the extent that it challenges the September 25, 2017, order.
Turning to the father's argument that this case should be transferred to the Lowndes Circuit Court, we initially note that the father fails to cite any authority in support of his argument.
" Rule 21(a), Ala. R. App. P., requires that a petition to an appellate court for the writ of mandamus 'shall contain ... a statement of the reasons why the writ should issue, with citations to the authorities and the statutes relied on.' (Emphasis added.) Similarly, Rule 28(a)(5) [now Rule 28(a)(10) ], Ala. R. App. P., requires that arguments in briefs contain 'citations to the authorities, statutes and parts of the record relied on.' (Emphasis added.) It is settled that a failure to comply with the requirements of Rule 28(a)(5) [now Rule 28(a)(10) ] requiring citation of authority for arguments provides the Court with a basis for disregarding those arguments:
" 'When an appellant fails to cite any authority for an argument on a particular issue, this Court may affirm the judgment as to that issue, for it is neither this Court's duty nor its function to perform an appellant's legal research. Rule 28(a)(5) [now Rule 28(a)(10) ]; Spradlin v. Birmingham Airport Authority, 613 So.2d 347 (Ala. 1993).'
" City of Birmingham v. Business Realty Inv. Co., 722 So.2d 747, 752 (Ala. 1998). See also McLemore v. Fleming, 604 So.2d 353 (Ala. 1992) ; Stover v. Alabama Farm Bureau Ins. Co., 467 So.2d 251 (Ala. 1985) ; and Ex parte Riley, 464 So.2d 92 (Ala. 1985). If anything, the extraordinary nature of a writ of mandamus makes the Rule 21 requirement of citation to authority even more compelling than the Rule 28 requirement of citation to authority in a brief on appeal."
*673 Ex parte Showers, 812 So.2d 277, 281 (Ala. 2001). Based on the foregoing, we decline to address the father's argument that this action should be transferred to the Lowndes Circuit Court, and we deny his mandamus petition as to this issue.
PETITION DISMISSED IN PART AND DENIED IN PART.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

We interpret this provision as an agreement that the mother would have sole physical custody of the children. See, e.g., Smith v. Smith, 887 So.2d 257, 262 (Ala. Civ. App. 2003).

There is no order granting this motion in the attachments to the mandamus petition or the answer; however, from the subsequent proceedings discussed infra, we can infer that that motion was granted.

The order did not reference the motion to set aside or the other motions that had been filed by the father.