Rel: March 31, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

————————————————

## CL-2023-0090

————————————————

## Ex parte B.M.F.

## PETITION FOR WRIT OF MANDAMUS

## (In re: Calhoun County Department of Human Resources

## v.

## B.M.F. and M.H.)

## (Calhoun Circuit Court, JU-22-823.01)

FRIDY, Judge.

B.M.F. ("the mother") filed a petition for a writ of mandamus asking this court to direct the Calhoun Circuit Court ("the juvenile court") to vacate its order of January 25, 2023, that, among other things,

determined that the Calhoun County District Attorney's office ("the DA's office") had a right to take part in this matter and to vacate its order of February 1, 2023, that, among other things, relieved the mother's appointed attorney, Jennifer Wilkinson, from representing her. We dismiss the petition insofar as it seeks to vacate the order granting the DA's office the right to participate in this case. We deny the petition insofar as it seeks to set aside the order relieving Wilkinson of her duty to represent the mother.

## Background

The materials submitted in support of and in opposition to the mother's petition indicate that the Calhoun County Department of Human Resources ("DHR") initiated a dependency action on September 16, 2022, after receiving a report that the mother's child ("the child") had been admitted to Children's Hospital with a skull fracture and swollen eyes. The juvenile court entered an order appointing Wilkinson as the mother's attorney "for shelter care purposes only." At the shelter-care hearing, the juvenile court awarded DHR custody of the child.

The mother was later arrested and charged with aggravated child abuse in connection with the child's injuries. On December 12, 2022, the

juvenile court adjudicated the child dependent and placed the child in DHR's custody. On December 21, 2022, the mother was released from jail and contacted DHR about visiting the child. A DHR supervisor responded to the mother, telling her that the DA's office had "invoked DA Protocol" and, therefore, the mother was not permitted to visit the child.

On January 3, 2023, the mother filed a motion for a hearing on the "DA Protocol." On January 25, 2023, after a hearing on that motion, the juvenile court entered an order stating that the DA had a right to be a part of any individualized-service-plan ("ISP") team and to offer input about whether the mother could receive visitation.

On February 1, 2023, as part of an order relieving DHR of its duty to make reasonable efforts toward reunification between the mother and the child, the juvenile court relieved Wilkinson from serving as the mother's attorney, except for appellate purposes. On February 14, 2023, the mother filed her petition for a writ of mandamus in this court. That same day, the juvenile court entered an order setting aside the initial order allowing the DA's office to participate in ISP meetings. Three days later, on February 17, 2023, the juvenile court entered a notice of right to counsel, advising the mother that she had a right to an attorney in a

dependency action "if indigent" and "if requested." The juvenile court observed that the mother had never filed an application for indigent status and had not requested the appointment of an attorney to represent her in the dependency action.

Analysis

The mother contends that the juvenile court abused its discretion in determining that the DA's office had a right to take part in ISP meetings and to have input into whether the mother could visit the child. The juvenile court subsequently set aside the order making that determination, rendering this issue moot. Ex parte Dumas, 259 So. 3d 669, 672 (Ala. Civ. App. 2018).

The mother also contends that the juvenile court erred in relieving Wilkinson of her representation of her in the dependency action, except for appellate purposes. To obtain a writ of mandamus, the mother must demonstrate (1) that she has a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. Ex parte Integon Corp., 672 So. 2d 497, 499 (Ala. 1995).

4

As the juvenile court points out in its answer to the mother's petition, in a dependency action, the parent must be notified of his or her right to be represented by an attorney, and, if a juvenile court determines that the parent is indigent, it must appoint an attorney if the parent "is unable for financial reasons to retain his or her own counsel." § 12-15-305(b), Ala. Code 1975. The order appointing Wilkinson to represent the mother made clear that the appointment was for the shelter-care hearing only. Nothing in the materials submitted to us indicates that the mother presented the juvenile court with evidence of indigency entitling her to continued representation by appointed counsel.

Under Rule 21(a)(1)(F), Ala. R. App. P., the mother was required to submit "all parts of the record that are essential to understanding the matters set forth in the petition," which, in this case, would include any documents demonstrating that she had applied for indigent status or otherwise showing that she was indigent. Because the materials before us do not show that the mother made such a showing to the juvenile court, we hold that she failed to demonstrate that she had a clear legal right to the relief she requests.

Moreover, the mother has an adequate remedy to obtain appointed counsel. Rather than seek a writ of mandamus directing the juvenile court to vacate the order relieving Wilkinson of her appointment to represent the mother, the mother may make the required showing of indigency upon which the juvenile court can act.

For these reasons, insofar as the mother seeks to have the juvenile court's order of January 25, 2023, allowing the DA's office to take part in the ISP meetings, the petition is moot. Insofar as the mother seeks to have the juvenile court set aside its order relieving Wilkinson of her appointment to represent the mother in the dependency action, the petition is denied.

PETITION DISMISSED AS MOOT IN PART; DENIED IN PART.

Thompson, P.J., and Moore, Edwards, and Hanson, JJ., concur.