Rel: May 24, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

————————————————

## CL-2024-0024

————————————————

## Ex parte A.H.R.

## PETITION FOR WRIT OF MANDAMUS

## (In re: K.L.R. v. A.H.R.)

## (Shelby Circuit Court:  DR-22-900574).

HANSON, Judge.

On November 29, 2023, the Shelby Circuit Court ("the trial court") entered an order sealing the record in this divorce case.  On December 6, 2023, the trial court entered an order quashing the third-party subpoena filed by A.H.R. ("the husband"). The husband seeks a writ of mandamus directing the trial court to hold a hearing on the motion to seal the record,

to enter an order with written findings supporting sealing the record, and to enter an order sealing only certain parts of the record. The husband also seeks a writ of mandamus ordering the trial court to rescind its order quashing the third-party subpoena.

Background

K.L.R. ("the wife") filed a complaint for divorce on no-fault grounds in 2022.[1] On October 21, 2022, the husband filed an amended answer to the complaint and filed an amended counterclaim for divorce. In his amended counterclaim, the husband alleged that the wife had committed adultery. He requested spousal support, asserting that the wife had been the primary wage earner during the marriage. The husband also asserted:

> "The wife has finally now admitted to the husband that she engaged in an extramarital affair and [the] time frame of her affair coincides with not only the filing of this action, but with the wife's self-interested behaviors and emotionally insolent treatment of the husband. The husband had a suspicion that the wife was having an affair as her wardrobe changed substantially, she refused any meaningful communication with the husband and she became physically unavailable to the husband. The wife, however, kept her affair a secret from the husband and instead engaged in antagonistic behaviors towards the husband rather than sit

---

[1]The husband did not include the wife's divorce complaint with his mandamus petition.

down like an adult and tell him the truth. The husband avers that it is the wife's adultery that has led to the breakdown o[f] this marriage.

"The husband believes that the wife has allowed her family, specifically her mother, to interfere with the marriage such that the wife would made [sic] marital and parental decision[s] with her mother rather than him, as the husband and father. His efforts to discuss this with the wife has been unsuccessful as the wife has disregarded the husband's opinions and prerogative as unimportant.

"The wife has been the primary wage earner during the course of the marriage and has always provided the majority of the financial support for the family. The wife has without justification and explanation unilaterally withdrew [sic] support of the husband and had disallowed the husband access to her earnings. The husband avers that the wife should pay him spousal support during [the] pendency of this matter and thereafter so that the husband is able to reestablish a home for himself and the children."

On May 13, 2023, the husband filed a subpoena to depose M.D., the wife's alleged paramour. On June 9, 2023, M.D. filed a motion to quash the subpoena, indicating that he was unavailable on the August 1, 2023, date set forth in the subpoena and that his counsel had attempted to contact the husband's counsel, who had not responded. M.D., who is a physician, also sought a protective order to prevent the discovery of any patient information on his telephone or other devices because the husband sought discovery of all communications between the wife and

M.D.   On July 17, 2023, the husband filed a subpoena duces tecum directed to Laforty Counseling Services ("Laforty"), requesting that Laforty produce certain counseling records involving the parties. On August 4, 2023, Laforty filed a motion to quash the subpoena duces tecum, or, in the alternative, for a protective order allowing the trial court an in camera inspection of the records.   On October 11, 2023, the husband filed a subpoena to compel M.D.'s deposition and he sought discovery of all communications between the wife and M.D.  .

On November 7, 2023, the husband filed a motion requesting that the trial court rule on his pending motions.  The husband asked the trial court to rule on his July 17, 2023, subpoena duces tecum directed to Laforty.  He also asked for the trial court to rule on his October 11, 2023, motion to compel document production and the deposition of M.D.   In the motion, the husband also stated:

> "The husband is aware of the ongoing RICO [Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 et seq.,] action filed where both [the wife's counsel] and [counsel's law firm] are defendants and fears that if this case is allowed to continue in its current course, he will not obtain the justice that he and his children deserve."[2]

_____

[2]The husband appears to be referring to <u>Deaton v. Stephens</u>, Case No. 2:23-cv-00713-RDP, a federal-court case brought against 52 defendants directly or indirectly involved in domestic-relations

On November 9, 2023, the wife filed a motion to seal the record pursuant to Holland v. Eads, 614 So. 2d 1012 (Ala. 1993). The wife asserted, in pertinent part, that:

"3. Not only is this matter a wholly private family matter, [the husband's] filings are filled with not only excessive attacks on [the wife], but attacks on the undersigned [law firm] and this Honorable Court.

"4. [The husband] has attempted to correlate a wholly unrelated matter in an attempt to scare this Honorable Court and smear the name of the undersigned and the [law firm].

"5. As such, the allegations contained in the record in this action have the tendency to promote scandal or defamation.

---

proceedings, including circuit-court judges and law firms in Jefferson County, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 et seq., along with conspiracy, fraud, malpractice, invasion of privacy, false imprisonment, and abuse of process, among other things. The gist of the complaint is that, allegedly, the Jefferson Circuit Court Domestic Relations Division has an established and pervasive culture of corruption that has "metastasized" to certain judges, court appointees, attorneys, and professionals acting at their discretion to extort, defraud, tortiously injure, and deprive citizens of their constitutional rights for ill-gotten gains. The United States District Court for the Northern District of Alabama, Southern Division, dismissed the case. See Deaton v. Stephens, Case No. 2:23-cv-00713-RDP, Sept. 19, 2023 (N.D. Ala. 2023) (not published in Federal Supplement). The plaintiffs in that case have appealed from the judgment of dismissal to the United States Court of Appeals for the Eleventh Circuit.

"6. Some allegations contained in the record involve third persons who are not parties to the pending litigation and could potentially cause harm to said third persons.

"7. The privacy interests of the parties, the potential for scandal and the potential for harm to third parties outweigh the public interest in having access to the records and exhibits in this action."

On November 10, 2023, the husband filed an objection to the wife's motion to seal the record, arguing, among other things, that:

"7. The wife is remiss in her statements that the '[husband's] filings are filled with not only excessive attacks on [the wife], but attacks on the undersigned [law firm] and this Honorable Court.' This statement is not only completely false but shows that the wife's counsel seeks to insulate herself from a lawsuit in which she was a defendant. The husband, who possesses information related to the allegations made against counsel for the wife and the ability of those allegations to be proven true, does not trust counsel for the wife. This may be an inconvenient reality, but it is neither scandalous nor defamatory, nor do his factual statements possess a serious threat of harassment, exploitation, physical intrusion of other particularized harm.

"8. The wife claims that [her counsel] was somehow attacked in the husband's pleadings. The husband does not see a single statement in his pleadings which are untrue. The husband, an avid researcher and whose knowledge of the family court system has increased exponentially during the past twelve (12) months, has grave concerns regarding [the wife's] counsel's integrity, based upon the allegations made in the RICO suit currently pending in the Eleventh Circuit Court of Appeals. The husband is well within his rights as a litigant to express facts and circumstances which he believes

to be true, particularly when he believes those allegations to have affected the present case.

"….

"13. Further, the wife appears to seek to silence the husband's first amendment right to free speech. The husband has not, nor can the wife prove, discussed this case (although it is his right to do so) in a public forum, nor has the husband used his status or position in the conservative free press to cause any harm to the wife. The wife very well may be embarrassed that her adultery is contained in public records, but her embarrassment is not supportive of an order sealing the case from public record. The fact that her paramour is a medical doctor who may hold himself to a certain social status (the husband has not been yet able to depose the doctor to determine) and/ or who also may be embarrassed by his sexual relationship with the wife being contained in public records, does not make it less true, nor has the wife's paramour appeared in his own person to demonstrate harm or anything that would rise to the level of clear and convincing evidence to this Court of the same. The only scandal that occurred was the hiding of the adulterous relationship from the husband."

On November 29, 2023, the trial court entered an order that granted the wife's motion to seal the record. December 6, 2023, the parties were before the trial court on another matter when sealing the record was discussed at that hearing.[3]  On December 6, 2023, the trial

---

[3]Any error in the trial court's holding of the hearing after the entry of the November 29, 2023, order sealing the record may have been cured at the December 6, 2023, hearing. As discussed, infra, the husband failed to include a transcript of the December 6, 2023, hearing with his mandamus petition, and this court will not presume error.

court entered an order quashing the husband's subpoena and granting a protective order. On December 7, 2023, the husband filed a motion to amend the December 6, 2023, order quashing the subpoena, asserting that the order applied to his motion to obtain records from Laforty.

On January 10, 2024, the husband filed a petition for a writ of mandamus in this court challenging the trial court's November 29, 2023, order sealing the record and its December 6, 2023, order quashing the husband's subpoena. On January 19, 2024, the trial court entered an order vacating its December 6, 2023, order quashing the subpoena, stating that the husband's underlying motion had sought access to the wife's medical records and that the trial court had good cause to issue an order permitting disclosure of that information to the husband. The January 19, 2024, order also protected the wife's medical information from unauthorized disclosure.

<u>Standard of Review</u>

"A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: '"(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."' <u>Ex parte Nall</u>, 879 So. 2d 541, 543 (Ala. 2003) (quoting <u>Ex parte BOC Grp., Inc.</u>, 823 So. 2d 1270, 1272 (Ala. 2001))."

8

Ex parte Watters, 212 So. 3d 174, 180 (Ala. 2016).

A writ of mandamus is proper to review a trial court's order sealing the record or documents to determine whether the trial court exceeded its discretion. Ex parte Barze, 184 So. 3d 1012 (Ala. 2015). Likewise, a mandamus petition may be used to review rulings on motions to quash subpoenas from parties and nonparties. Ex parte Newby, 194 So. 3d 913 (Ala. 2015).

## Analysis

The husband argues that the trial court acted outside its discretion in sealing the record when the hearing was without notice, the order failed to include written findings, and the order was overly broad. The husband also argues that the trial court acted outside its discretion in quashing the subpoena when the trial court ruled in open court that it would allow discovery of the wife's counseling records and would allow M.D.'s deposition, both subpoenas to be supported by protective orders.

Regarding the trial court's December 6, 2023, order involving the subpoena, the trial court's order provided "Motion to quash defendant's subpoena and for a protective order is hereby granted." On January 19, 2024, the trial court entered an order vacating the order to quash the

subpoena and allowing discovery of the wife's medical records with a protective order to prevent unauthorized disclosure. Because the trial court's January 19, 2024, granted the husband the relief he requested, the issue is now moot.[4] "'"[A]s a general rule, [this court] will not decide questions after a decision has become useless or moot."' Underwood v. Alabama State Bd. of Educ., 39 So. 3d 120, 127 (Ala. 2009) (quoting Arrington v. State ex rel. Parsons, 422 So. 2d 759, 760 (Ala. 1982))." Ex parte Slayton, [Ms. CL-2022-0973, Jan. 27, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023).

The husband also seeks mandamus relief regarding the trial court's November 29, 2023, order sealing the record. The husband argues that the December 6, 2023, hearing was held without notice. He also argues that his inability to obtain a transcript of the hearing prejudiced his ability to seek mandamus relief. Specifically, the husband asserts in his petition that

---

[4]The January 19, 2024, order also clarified that the December 6, 2023, order applied to the wife's medical records and not the husband's request to depose M.D. Nothing in the materials filed with the husband's mandamus petition indicates that the trial court quashed the husband's October 11, 2023, motion to compel M.D.'s deposition. Therefore, we pretermit any discussion of the husband's request for mandamus relief regarding the deposition of M.D.

10

"[a]lthough the husband requested a transcript of the proceedings and attempted to contact the judge's office, for furnishment of the court reporter's contact information, the same was never produced and thus the husband is unable to provide this Court with a transcript of the relevant hearing, for its mandamus review. Without a transcript of the underlying proceedings, the husband is left without an effective means of seeking appellate review."

In response to the husband's assertions in his mandamus petition that he was unable to obtain a transcript, the wife asserts that

"[t]he issues about which the Husband seeks review by this Court culminated in a hearing on December 6, 2023. Husband has neither provided to the Court the transcript of this hearing, nor has he described in any detail his efforts to obtain such transcript from the trial court. Instead, Husband has alleged generally that he 'requested a transcript of the proceedings and attempted to contact judge's office' but that 'same was never produced. … He has not provided any further details that might be relevant to this Court in determining whether it is Husband or the trial court at fault for the incomplete record, such as when Husband made his request for the transcript, how many requests he made, or what, if any, additional steps that he took to obtain the records necessary to support his Petition. Instead, the Court is left to speculate when and how Husband attempted to secure the December 6th transcript and, in turn, is asked to assume either neglect or wrongdoing on behalf of the trial court related to such issue."

In support of his argument that he has been prejudiced by the lack of a transcript, the husband cites Sullivan v. Sullivan, 634 So. 2d 558 (Ala. Civ. App. 1994), wherein the pertinent husband, prior to trial,

11

requested that a court reporter be present at the divorce hearing because the husband was incarcerated. The trial court denied the request and a hearing was held with no court reporter present. This court held that the incarcerated husband was entitled to have a court reporter present because of his pretrial request and that the failure to comply with his request was reversible error as it left him with no effective means to appeal. Sullivan is distinguishable from the present case because the husband implies that there was a transcript of the hearing, that he attempted to obtain said transcript, and that he was unable to do so. The husband's reliance on Sullivan does not support the husband's argument. Therefore, the husband has not shown that his ability to seek mandamus relief has been prejudiced.

Additionally, it is well-established that the petitioner has the responsibility of supplying this court with those parts of the record that are essential to an understanding of the issues set forth in the mandamus petition. Rule 21(a)(1)(F), Ala. R. App. P. Although a transcript of the hearing would facilitate this court's review, applying well-established law to the facts, this court will not presume error. In Ex parte Dumas, 259 So. 3d 669 (Ala. Civ. App. 2018), the father argued in his mandamus

petition that the maternal grandmother had been awarded custody without notice being afforded to him. This court in Dumas noted that the custody order had indicated that a hearing had been held, at which the father and his attorney were present. This court stated:

> "No transcript of that hearing is before this court, so we cannot determine whether the father made a general appearance or a special appearance, whether the parties were given an opportunity to present evidence and declined, or otherwise what took place at that hearing. 'An appellate court does not presume error; the appellant has the affirmative duty of showing error.' Greer v. Greer, 624 So. 2d 1076, 1077 (Ala. Civ. App. 1993). Without a transcript indicating that the father made a special appearance, that the parties were denied the opportunity to present evidence, or other error, we must presume that the trial court's hearing on November 2, 2017, cured any deficiency in notice that previously existed. Chisolm v. Crook, 272 Ala. 192, 194, 130 So. 2d 191, 193 (1961)."

Ex parte Dumas, 259 So. 3d at 672. See also Lake Forest Prop. Owners' Ass'n v. Coppage, 686 So. 2d 1237, 1238 (Ala. Civ. App. 1996) ("It is well settled that when a trial court conducts a [summary judgment] hearing and a transcript of that hearing is not present in the record, the appellate court must conclusively presume that the trial court had adequate evidence before it to support its findings.")

We recognize that Holland v. Eads, 614 So. 2d 1012, requires the holding of a hearing in which the moving party will have the burden to

13

present clear and convincing evidence supporting a conclusion that the information contained in the documents sought to be sealed meets at least one of the categories set forth in <u>Holland</u>. "[U]nder <u>Holland</u>, a trial court considering whether to seal documents must hold a hearing at which the parties may present arguments regarding the necessity of sealing specific parts of the record." <u>Ex parte Gentry</u>, 228 So. 3d 1016, 1025 (Ala. Civ. App. 2017). "If any one of the [six] criteria is satisfied, then the trial court may seal the record, or any part of the record, before trial, during trial, or even after a verdict has been reached." <u>Holland</u>, 614 So. 2d at 1016. The decision to seal is within the trial court's discretion and requires the trial court to determine whether the interest in secrecy is sufficiently strong to outweigh the public interest in disclosure. <u>Holland</u>, 614 So. 2d 1012. A trial court may <u>sua sponte</u> order temporarily sealing a document on a preliminary basis pending the required hearing. <u>Ex parte Gentry</u>, 228 So. 3d at 1025 n.3.

As to the husband's argument that he is entitled to a hearing because the December 6, 2023, hearing was ostensibly held without notice and in violation of his right to due process, the husband has failed to show that he has a clear legal right to such relief. It is undisputed by

14

the parties that a hearing was held on December 6, 2023, and that sealing the record was discussed. It is well settled that an issue may be tried by implied consent. In <u>Michalak v. Paterson</u>, [Ms. CL-2022-0629, March 3, 2023] ___ So. 3d ___ (Ala. Civ. App. 2023), the father had argued that the lack of notice that his visitation might be reduced violated his due process rights. However, the father had made no objection at trial, and the issue of the father's visitation was deemed to have been tried by implied consent. In the present case, without a transcript of the December 6, 2023, hearing, we are left to speculate as to what transpired at the hearing. <u>See</u> <u>Ex parte Dumas</u>, 259 So. 3d at 672 ("'An appellate court does not presume error; the appellant has the affirmative duty of showing error.'" (quoting <u>Greer v. Greer</u>, 624 So. 2d 1076, 1077 (Ala. Civ. App. 1993)). Without a transcript, we must presume that the trial court's hearing on December 6, 2023, cured any deficiency in notice.

Next, the husband argues that he is entitled to an order from the trial court containing written findings regarding sealing the record in compliance with <u>Holland</u>. As to this aspect of the husband's arguments, we agree. Any order sealing any portion of a record must contain written findings that the movant has shown by clear and convincing evidence

15

that the information contained in the record or portion thereof sought to be sealed meets at least one of the six categories set forth in Holland. In sealing judicial records, a trial court has "a duty to make written findings" that comply with Holland. Ex parte Barze, 184 So. 3d 1012, 1015 (Ala. 2015).

Last, the husband's argument that the trial court acted outside its discretion in sealing the entire record is premature. Without a written order in compliance with Holland, we cannot determine whether the trial court did, in fact, act outside its discretion.

### Conclusion

The husband's petition for a writ of mandamus pertaining to the trial court's order sealing the record is granted insofar as it concerns the trial court's failure to make explicit findings regarding whether the record in this case should be sealed. Therefore, we direct the trial court to enter an order in compliance with the requirements of Holland. The petition is denied as to all other requested relief.

PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.

Moore, P.J., and Edwards, Fridy, and Lewis, JJ., concur.